## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**MARCELA GRACIANI,**                    CASE NO. 3:24 CV 813

     Plaintiffs,

     v.                                   JUDGE JAMES R. KNEPP II

**BOARD OF EDUCATION OF THE TOLEDO
CITY SCHOOL DISTRICT, et al,**

     Defendants.                          **MEMORANDUM OPINION AND
ORDER**

### INTRODUCTION

Before the Court is Defendant Board of Education of the Toledo City School District's ("Toledo Public Schools" / "TPS") Motion for Determination regarding its duty to defend and indemnify Defendant Garrett Pelz. (Doc. 31). Defendant Pelz and Plaintiff Marcela Graciani, individually and behalf of her minor child, J.M., opposed. (Doc. 41; Doc. 42). TPS replied (Doc. 44) and the matter is fully decisional. While jurisdiction lies over this case pursuant to 28 U.S.C. § 1331, TPS's Motion, for the reasons stated in this opinion, is denied for want of jurisdiction.

### BACKGROUND

This case arises from Pelz's handling of Graciani's child, J.M., in one of TPS's special education classrooms at Spring Elementary. Plaintiff alleges Pelz picked J.M. up and threw him across the room after J.M. engaged in repeated disruptive behavior. (Doc. 1, at 7).[1] J.M.'s face was "severely injured" as a result of the incident, including suffering a bloodied mouth. *Id.* at 7-8.

---

1. TPS's present Motion describes Pelz as having "grabbed both of [J.M.'s] shoulders and shoved him sideways away from his desk. Which was more forceful than necessary and [J.M.] fell to the ground/rug and then left the classroom and went to the office/nurse." (Doc. 31, at 2).

Plaintiff brought numerous federal claims against both Defendants pursuant to the Americans with Disabilities Act (42 U.S.C. § 12131 *et seq.*), Title VI of the Civil Rights act of 1964 (42 U.S.C. § 2000d *et seq.*), and § 1983 claims for violations of J.M.'s rights under the Fourth and Fourteenth Amendments. (Doc. 1, at 8-14).

TPS brought the instant Motion for a "determination" pursuant to Ohio Revised Code § 2744.07(D) regarding its duty to defend and indemnify Pelz in this action. Subsection (D) provides "[i]f a political subdivision refuses to provide an employee with a defense in a civil action or proceeding as described in division (A) . . . upon the motion of the political subdivision, the court shall conduct a hearing regarding the political subdivision's duty to defend the employee." Ohio Rev. Code § 2744.07(D). The parties do not dispute TPS's status as a political subdivision under § 2744.07. *See id.* at § 2744.01(F). A political subdivision is excused from the duty provide its employee with a defense where the employee's challenged actions were "manifestly outside the scope of [their] employment or official responsibilities" or not made "in good faith." *Id.* at § 2744.07(A)(2)(a)-(b). Similarly, the political subdivision need not "indemnify and hold harmless" an employee if the employee was "not acting within the scope of [their] employment" or "not acting in good faith." *Id.* at § 2744.07(B)(2)(a)–(b).

## APPLICABLE STANDARDS

At all times, this Court maintains an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). This Court's subject matter jurisdiction defines the extent to which it has the "authority to hear a given type of case," and thus "represents 'the extent to which [the Court] can rule on the conduct of persons or the status of things.'" *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635,

639 (2009) (first quoting *United States v. Morton*, 467 U.S. 822, 828 (1984); then quoting *Subject-Matter Jurisdiction*, Black's Law Dictionary (8th ed. 2004)).

Federal question jurisdiction is a species of subject matter jurisdiction and grants the authority for this Court to adjudicate claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This Court may exercise supplemental jurisdiction over a state law claim where such a claim shares a common nucleus of operative fact with the federal claims. *See Hunter v. Mendoza*, 197 F. Supp. 2d 964, 971 (N.D. Ohio 2002) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)); 28 U.S.C. § 1367.

**DISCUSSION**

While no party raised a jurisdictional issue, the Court independently determines it lacks subject matter jurisdiction to adjudicate TPS's Motion. Generally, this Court may exercise jurisdiction to interpret and apply state law in two principal circumstances. The first is when the parties before the Court properly bring a state law claim for relief, e.g., a state law negligence claim, within this Court's subject matter jurisdiction. Because the parties to this suit are not diverse,[2] asserting subject matter jurisdiction over those state law claims would be proper if such claims shared a "common nucleus of operative fact" with the federal law claims, thus bringing the claims within this Court's supplemental jurisdiction. *Gibbs*, 383 U.S. at 725. The second circumstance is when the resolution of the state law question is necessary to the rendition of a judgment on a claim over which the Court otherwise exercises jurisdiction. *See Meredith v. City of Winter Haven*, 320 U.S. 228, 234 (1943) ("[I]t has from the first been deemed to be the duty of

---

2. The parties to this action are not diverse, as at least Plaintiff and TPS are alleged to permanently reside in Ohio. *See* Doc. 1, at 4; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (explaining 28 U.S.C. § 1332 requires complete diversity between the parties before subject matter jurisdiction will lie pursuant to that statute).

3

the federal courts, if their jurisdiction is properly invoked, to decide questions of state law whenever necessary to the rendition of a judgment."). For example, it is sometimes necessary for courts to determine, as a matter of state law, whether certain governmental entities are subject to a suit for violations of a plaintiff's federal rights under 28 U.S.C. § 1983. *See, e.g.*, *Lopez v. Foerster*, 2022 WL 910575, at *6 (6th Cir.) ("Whether a governmental body has a separate legal existence allowing it to be sued in its own name generally turns on the law of the state that established the body.").

Neither circumstance is present here. First, TPS does not bring a claim for relief under state law that may trigger this Court's supplemental jurisdiction to adjudicate state law claims. Rather, TPS styles its request as a "Motion for Determination" wherein they "move [the Court] under R.C. 2744.07(D) for an order declaring TPS does not have a duty to defend or indemnify Defendant Garrett Pelz in this action." (Doc. 31, at 1). Supplemental jurisdiction applies only to state law *claims*, however, not freestanding motions requesting the Court interpret and apply state law to an action raising only federal claims. *See* 28 U.S.C. § 1367(a) (explaining the district court "shall have supplemental jurisdiction over all other *claims* that are so related to claims in the action" within the district court's original jurisdiction) (emphasis added); *accord ReMedPar, Inc. v. AllParts Medical, LLC*, 683 F. Supp. 2d 605, 616 (M.D. Tenn. 2010) (explaining that, after dismissing the plaintiff's federal law claims, the court "decline[d] to exercise supplemental jurisdiction over the remaining *state-law causes of action*") (emphasis added). Without a state law claim, there is no occasion for this Court to "rule on . . . the status of" TPS's duty to defend and indemnify Pelz under § 2744.07. *Carlsbad*, 556 U.S. at 639. This Court's jurisdiction, particularly

4

in the context of supplemental jurisdiction, extends to claims for relief, not a mere motion, request, or freestanding "determination" under state law.[3]

Nor is such a ruling necessary to the rendition of a judgment on any of Plaintiff's federal law claims. The question of whether TPS must, under Ohio law, defend and indemnify Pelz has no bearing on whether Defendants are directly liable in the first instance for violating Plaintiff's federal rights. Thus, while Plaintiff has "properly invoked" this Court's subject matter jurisdiction by bringing federal claims for relief, the resolution of TPS's duty to defend and indemnify Pelz under § 2744.07 is in no way "necessary to the rendition of a judgment" on those federal claims, *Meredith*, 320 U.S. at 234, and this Court thus lacks the jurisdiction to decide the question presented by TPS's Motion. Again, a request for an order or determination is not the same as a claim for relief under which the claimant would be entitled to a judgment of this Court. "While an order may under some circumstances amount to a judgment, they must be distinguished, owing to the different consequences flowing from them . . . [r]ulings on motions are ordinarily orders rather than judgments." 1 A.C. Freeman, *A Treatise of the Law of Judgments* § 19, at 28 (Edward W. Tuttle ed., 5th ed. 1925).

This jurisdictional boundary is reflected in the fact that the mine run of federal cases applying § 2744.07 involve a claim for relief under that statute seeking the remedy of a declaratory

---

3. An example from a different context helps elucidate the strange posture in which TPS's "motion" is brought. Consider a scenario in which, after being injured on navigable waters, a plaintiff brings solely federal-law tort claims against the operator of a vessel. *See, e.g.*, *Foremost Ins. Co. v. Richardson*, 547 U.S. 668, 674-75 (1982). Subject matter jurisdiction over those claims would lie pursuant to 28 U.S.C. § 1331(1). The plaintiff then proceeds to file a motion seeking a "determination" that the defendant-operator violated a state-law regulation governing the operation of the vessel. Surely, even if violation of that regulation may support a negligence *per se* claim under state law, the absence of any such state law claim means the Court has no occasion to opine on whether the defendant-operator violated a state regulation with little to no bearing on the outcome of the suit under federal maritime tort law.

judgment. *See, e.g.*, *Williams v. City of Canton*, 2022 WL 17552459, at *2 (N.D. Ohio) (analyzing a plaintiff's motion for leave to amend to add a claim for declaratory judgment under § 2744.07's indemnity provision); *Taylor v. Hooven*, 2025 WL 1474623, at *1-2 (S.D. Ohio) (describing an individual defendant's "claim for [a] declaratory judgment ordering the City to defend him against plaintiffs' claims under § 2744.07(A)"); *Wallace v. Montgomery Cnty.*, 2018 WL 878327, at *2 (S.D. Ohio) (describing cross-claims for declaratory relief under § 2744.07(A)); *Gillispie v. City of Miami Twp.*, 2023 WL 11922094, at *3 (S.D. Ohio) (describing the City-intervenor's complaint for a declaratory judgment regarding its duty to defend and indemnify the individual defendant), *aff'd* 2025 WL 1276900 (6th Cir.).

To be clear, the Declaratory Judgment Act does not itself create a cause of action to vindicate the protections provided employees under § 2744.07. *See City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878-89 (9th Cir. 2022); 28 U.S.C. § 2201; 10B Wright & Miller's Federal Practice and Procedure § 2756 (4th ed. 2008) ("The Act and [Federal Rule of Civil Procedure] 57 are not jurisdictional. They are procedural only and merely grant authority to the courts to use the remedy in cases over which they otherwise have jurisdiction."). Rather, § 2744.07 creates a private right of action for both the employees entitled to defense and indemnification as well as the political subdivision seeking to avoid the same. *Ayers v. City of Cleveland*, 99 N.E.3d 1269, 1277-78 (Ohio Ct. App. 2017) (explaining the employee of the political subdivision, not a third-party creditor, has the ability to enforce their rights under § 2744.07); *Gillispie v. Miami Twp.*, 2025 WL 1276900, at *14-16 (6th Cir.) (affirming a district court's entry of judgment on a political subdivision's claim seeking a declaratory judgment under § 2744.07). Section 2744.07 thus provides both TPS and Pelz with a private right of action to enforce the substantive provisions contained therein. If either party brings an action under § 2744.07, the proper remedy at this stage in the proceedings would

6

be a declaratory judgment for the prevailing party, particularly given the lack of a monetary judgment for which TPS could indemnify Pelz.

At the Case Management Conference held on September 16, 2024, the Court set the deadline for filing amended pleadings for October 7, 2024. (Doc. 14, at 2). Additionally, this case has proceeded well beyond the deadline to amend pleadings as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). Nevertheless, given the unsettled law[4] on this jurisdictional question, the lack of prior notice to the parties regarding the jurisdictional defect, and the potential for prejudice to the parties stemming from the resources expended briefing the merits of this issue, the Court grants leave to TPS and Pelz to amend their respective Answers, *see* Docs. 9, 11, to add a cross-claim for a declaratory judgment under § 2744.07, should either party wish to do so. Doing so would support this Court's jurisdiction to adjudicate the substantive question of TPS's duty to defend and indemnify Pelz, including what standard applies to that determination.[5]

---

4. Some federal courts have proceeded to interpret and apply § 2744.07 absent a claim for relief under that statute. *See, e.g.*, *Newell v. Huepenbecker*, 2019 WL 13241953, at *2 (N.D. Ohio) (granting the County-defendant's motion for a declaration that it need not indemnify or defend the individual defendant under § 2744.07); *Jackson v. Richard*, 2022 WL 3701560, at *7-8 (S.D. Ohio) (describing and granting the City-defendant's motion for a "determination" regarding its duty to defend).

5. After a "peek" into the merits of the § 2744.07 question, *cf. Perry v. Martinez*, 2011 WL 9304, at *2 (N.D. Ohio) (quoting *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)), the Court is skeptical TPS may avoid its duty to defend and indemnify Pelz in this action. For, even if Pelz utilized more force than necessary to restrain J.M. or incorrectly determined J.M. needed to be restrained in the first instance, the record at the current time is largely devoid of evidence establishing Pelz actions were "either self-serving or wholly detached from the business of" maintaining order in his special education classroom. *Gillispie*, 2025 WL 1276900, at *12. Specifically, it is not enough that Pelz's actions be wrong, harmful, or otherwise sufficiently tortious so as to create liability. *See Thomas v. Ohio Dep't of Rehab. & Corr.*, 548 N.E.2d 991, 994 (Ohio Ct. App. 1988). Rather, the act must be so egregious so as to have "no relationship to the conduct of [TPS's] business" or to "sever[] the relationship of employer-employee." *Id.* Nevertheless, as the merits of TPS's Motion are not before it at this juncture, the Court reserves judgment on this question until a party properly asserts a claim for relief under § 2744.07.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant Board of Education of the Toledo City School District's Motion for Determination (Doc. 31) be, and the same hereby is, DENIED; and it is

FURTHER ORDERED that Defendants Board of Education of the Toledo City School District and Garrett Pelz are GRANTED leave to amend their respective Answers to add a cross-claim pursuant to Ohio Rev. Code § 2744.07 should either wish to do so.

      *s/ James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: November 18, 2025